The Circuit Court of Dallas County divorced the parties in November 1982. Pursuant to an agreement of the parties incorporated into the final judgment of divorce, the court, among other things, awarded the mother custody of the parties' two minor children (a daughter and a son) and ordered the father to pay $70 per week in child support and to maintain life insurance on the children. Further, the court ordered each party to contribute $150 to a trust account to be maintained by the mother to pay for travel expenses and other expenses related to the medical condition of the son, who suffers from cerebral palsy and mental retardation. The court directed that whenever the balance of the account fell below $100, each party would contribute $50 to the account. The court set periodic reviews of the divorce judgment.
In July 1984, the mother advised the court that she planned to remarry and to move to Mobile County. The court increased the father's support obligation to $55 per week for each child and suspended the support obligation *Page 1277 
for those periods in which the children visited the father for more than one week.
In 1985, the mother petitioned the court to find the father in contempt, alleging that he had willfully refused to pay child support. On June 10, 1985, the court found the father to be in arrears; entered a $1,010.65 judgment in favor of the mother; increased the father's support obligation to $90 per week for the daughter and $75 per month for the son; and ordered the father to pay the mother a $300 attorney fee.
On April 8, 1988, the court again amended its order, reducing the father's support obligation for the daughter to $84 per week and reaffirming the support obligation for the son. The court found the father to be $2,766.50 in arrears.
On September 13, 1996, the mother petitioned the Circuit Court of Mobile County to enforce the judgment of the Dallas court and for a rule nisi. The mother moved the Mobile court to take jurisdiction of the case, because, she said, she and the children had resided in Mobile County for three consecutive years. The mother alleged that the father was approximately $5,000 in arrears. She requested the court to reaffirm the Dallas court judgment for $1,010.65, plus interest, and requested the court to enter an additional judgment in her favor for $1,333.97, plus interest. She alleged that the father had failed to maintain the life insurance policies on the children, which had caused her to incur a debt of $705 in order to maintain the policies. On that same day, the mother also moved to have the father provide postminority support for the daughter and for an increase in child support. She alleged that there had been a material change in circumstances in that the children were older and that it costs more to house, clothe, feed, educate, and provide for their needs.
Following an ore tenus proceeding, the court, on May 8, 1997, entered an order awarding the mother $2,341.50, which represented the Dallas court judgment, plus interest; $810.75, which represented life insurance premiums paid by the mother; and $5,088.50, which represented child support arrearage through May 1997. The court increased the father's child support obligation to $387 per month, based on Rule 32, Ala. R. Jud. Admin., and ordered the father to pay $100 per month to the daughter to assist her with college expenses.[1] The father appealed, contending that the court erred in increasing the child support for the son, because, he says, the support award is not in the son's best interests and, further, that there was no evidence presented of a material change in circumstances to warrant a support modification. We note that matters related to child support, including subsequent modifications of a child support order, rest soundly within the trial court's discretion, and rulings on them will not be reversed unless they are plainly and palpably wrong. Williams v. Braddy,689 So.2d 154 (Ala.Civ.App. 1996). A child support award may be modified upon a showing of a material change of circumstances that is substantial and continuing. Id.; State ex rel.Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). "Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child." Id., at 518. The primary consideration in awarding child support is the welfare and best interests of the child.Balfour v. Balfour, 660 So.2d 1015 (Ala.Civ.App. 1995).
At the time of the hearing, the son was 16 years old and suffered from both physical and mental disabilities. The parties stipulated that he was dependent and would be so for the remainder of his life. The son has received institutionalized care since 1985. The mother testified that he had not visited in her home in the last two years because he is "too much for me to handle physically." It costs $504 per month for the son to reside at the facility. He receives $454 per month in SSI benefits; the mother is responsible for paying the $50 difference. The mother testified that the son's SSI benefits will be reduced if his child support award is greater *Page 1278 
than $75 per month. She stated that the court had set the original support obligation at $75 per month so that the benefits would not be decreased.[2] The mother testified that without the SSI benefits she would have to pay the entire $504 per month for the child to reside at the facility. She stated that she is unable to care for her son at home and work at the same time.
The mother testified that because her son is older it costs more to "house, clothe, feed, and educate [him]." She stated that she is responsible for his medical care, food, clothing, and extraordinary expenses; however, she presented no evidence of how much these expenses have increased since the date of the June 1985 modification, other than the mere allegation that they have increased.
The record indicates that there has been no material change in the son's circumstances since the last modification, which set the child support at $75 per month. Accordingly, we conclude that the trial court erred in increasing the child support obligation. That portion of the judgment increasing the child support is reversed.
The father next contends that the court erred in its determination of the arrearage. We note that "[a] trial court's determination of the amount of a child support arrearage, including the grant or refusal of a credit, is largely a discretionary matter, and the trial court's ruling in that regard will not be reversed on appeal absent an abuse of discretion." Vlahos v. Ware, 690 So.2d 407, 410 (Ala.Civ.App. 1997). Child support obligations become final money judgments on the day they accrue, and they are thereafter immune from modification by the trial court. Id. A trial court, in determining an arrearage, may allow a credit to the obligated parent upon proof that monetary support was actually provided.Id.
The court, in its May 8, 1997, judgment, determined the father's total arrearage to be $8,240.75, composed of $2,341.50, "representing the prior judgment previously by the Circuit Court of Dallas County, Alabama plus interest";[3]
$810.75, representing the life insurance premiums that the father had failed to pay;[4] and $5,088.50, representing the father's child support arrearage through May 1997. We cannot determine how the court reached its total in calculating the arrearage.
The father's total support obligation for the son from April 1988, the date of the last support modification, to April 1997 is $8,100 (108 months x $75 = $8,100). The father's total support obligation for the daughter from April 1988 to the date that she attained majority on November 21, 1996, is $37,894 (441 weeks x $84 + 9 weeks x $90 = $37,894). The father's total child support obligation for both children for those periods is $45,994 ($8,100 + $37,894 = $45,994). Thus, it appears that the father's total obligation is $49,571.25 ($2,766.50 + $45,994 + 810.75 = $49,571.25). The evidence indicates that the father has from May 1988 to April 1997 paid a total of $47,576 to the Dallas circuit clerk's office. Therefore, it appears that the father's total arrearage is $1,995.25, plus interest ($49,571.25 — $47,576 = $1,995.25). The court's determination that the father owes an arrearage of $8,240.75 is not supported by the evidence. Insofar as it sets the amount of an arrearage, the judgment is reversed; on remand, the court is to recalculate the arrearage.
The father next contends that he is entitled to a credit against his child support arrearage, because, he says, the daughter had visited him during the Christmas school breaks and during the summers of 1988 through 1993. The court did not allow the father a credit against his arrearage. The evidence presented on this issue was conflicting as to when and how long the daughter had visited. Accordingly, we cannot say that the court abused its discretion in not allowing the father a credit. Vlahos, supra. Insofar *Page 1279 
as it denied that credit, the judgment is affirmed.
The judgment is affirmed in part and reversed in part and the case is remanded for the court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] We must assume that the child support award was for the son, although it was not specifically designated as such in the order. The daughter had attained the age of majority and was provided post-minority support in another section of the order. The award of postminority support is not an issue on appeal.
[2] It is unclear from the record how much the SSI benefits will be reduced or if the benefits will be terminated altogether.
[3] We note, however, that the record indicates the Dallas court had, in its April 1988 order, determined that the father was $2,766.50 in arrears, and it entered a judgment in that amount.
[4] The father concedes that he owes $810.75 for the insurance premiums.