CRAWLEY, Judge.
Donna Faye Wilson and John William Wilson were divorced in November 1988. The divorce judgment provided, among other things, that the father would have custody of the two children. The judgment stated that the father had waived his right to child support. In August 1990, the mother filed a petition to modify, requesting custody and child support. The trial court modified the 1988 judgment, awarded custody to the mother, awarded her child support of $249.20 monthly, and *810 found that the father owed the mother a $7,500 child-support arrearage (based on evidence that the mother had been the actual custodian of the children since May 1989).
In October 1992 the mother filed a motion to hold the father in contempt for his failure to pay child support and for his failure to pay toward the child-support ar-rearage. In December 1992, the father filed a Rule 60(b), Ala.R.Civ.P., motion requesting that the trial court remove the arrearage, on the basis that, pursuant to the divorce judgment, he was the custodial parent at the time the alleged arrearage accrued. The father also filed a petition to modify custody in December 1992. In December 1993, the trial court entered a judgment on an agreement reached by the parties; that agreement provided that the mother would retain custody of the children, that child support would still be $249.20 per month, and that the father owed her a $10,621.21 child-support ar-rearage that would be paid at $100 per month.
In April 1995 the father and the mother filed a joint petition to modify, requesting that the father be awarded custody of the children, that the mother not be required to pay any child support, and that any existing child-support arrearage be waived. In July 1995, the trial court granted this joint petition to modify, awarded custody to the father, ordered that the mother not be required to pay child support, and waived the father’s existing child-support arrearage.
In August 1997, the mother filed a petition to modify, requesting that the trial court award her custody of the older child, who had been living with her since June 1997, and requesting child support. The trial court awarded custody of the older child to the mother and ordered the father to pay $357 monthly in child support, in compliance with the child-support guidelines.
In January 2000, the father filed a motion to terminate child support for the older child because that child had reached the age of majority in November 1999. The mother filed an answer requesting, among other things, the enforcement of the December 1993 judgment that had established a child-support arrearage of $10,260.21. In March 2000, following a hearing, the trial court entered a judgment stating that the child-support arrearage had been satisfied by the July 1995 judgment, which the court interpreted as providing that the mother waived the arrear-age. The mother filed a postjudgment motion. The father filed responses to the mother’s postjudgment motion. He first argued that the judgment was satisfied by the mother’s waiver of the arrearage in the July 1995 judgment. He also argued that he was due a credit for supporting the children while they were in his custody and that the amount of the credit he was due satisfied the arrearage. Following a hearing, the trial court denied the motion.
The mother argues that the trial court erred by finding that no arrearage existed. We agree with the mother that she could not validly waive the arrearage declared in the July 1995 judgment. A parent cannot agree to waive a child-support arrearage. State ex rel. Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App.1995); Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App.1991); McCool v. State ex rel. State of Tennessee, 560 So.2d 772 (Ala.Civ. App.1990). Therefore, the mother’s attempted waiver of the child-support ar-rearage declared in the July 1995 judgment is void and is of no effect.
Although we hold that the mother could not waive the child-support ar-rearage, we will address the issue whether *811 the father is entitled to a credit toward the arrearage. See Kuhn v. Kuhn, 706 So.2d 1275 (Ala.Civ.App.1997). The father argued to the trial court that he should be allowed credits that, if allowed, would satisfy the arrearage amount. The determination of an amount of a child-support arrearage and the allowance of a credit toward that amount are within the discretion of the trial court, and, absent a showing of an abuse of discretion, the trial court’s judgment on those matters will not be reversed. Kuhn.
After reviewing the record, we conclude that the trial court erred by allowing the husband any credit toward the arrearage. The July 1995 judgment stated that the husband had relieved the mother from any child-support obligation in return for her waiving the arrearage. The mother in fact did not pay any child support while the children were in the husband’s custody. The husband contends that the amount of child support the wife should have paid but did not pay would more than offset the amount of the arrearage. The evidence is undisputed that the mother’s only income at the time of the 1995 judgment, and since that time, has been Social Security Supplemental Security Income, which is not included within the definition of “gross income” provided by Rule 32(B)(2)(b), Ala.R.Jud.Admin. Therefore, the mother had no child-support obligation at the time of the July 1995 judgment and has not had a child-support obligation since that time. The husband is entitled to no credit toward the arrearage.
Therefore, we reverse the trial court’s judgment finding that no child-support ar-rearage exists. On remand, the trial court is instructed to vacate the July 1995 judgment and to reinstate a properly calculated child-support arrearage.
The father’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
YATES, P.J., dissents.