Steven Dwight Abel and Annie L. Abel divorced in 1987. The divorce judgment provided that the mother would have custody of the two children, ages 14 and 10, and provided that the father would pay $400 in monthly child support. The child support was to increase to $600 after 12 *Page 768 
months. In February 1988, the trial court approved the parties' agreement to modify the custody provisions of the divorce judgment. The 1988 modification judgment states in pertinent part:
 "2. The [father] shall have the physical custody of the minor children during the school year from September 1 through May 31 of each year, and the [mother] shall have the physical custody of the minor children during the summer school vacation from June 1 through August 31 of each year.
". . . .
 "5. That during the time the minor children are in the physical custody of the [father], he shall be relieved of the support payments called for by the . . . judgment of divorce, but when said minor children are in the physical custody of the [mother], said support . . . shall remain in full force and effect and shall be paid."
In August 1989, the mother filed a "Process of Income Withholding for Support," alleging that the father had a $5,200 child-support arrearage. The trial court issued an "Order of Continuing Withholding for Support," finding that the father had a $5,200 arrearage and holding that it was to be garnished from his income, at $750 per month. In September 1989, the father responded, pro se, to the mother's request for income withholding and stated that the mother had not complied with the custody provisions of the divorce judgment, specifically that she did not return the children to his custody in Germany for the 1989-1990 school year. He requested that the trial court order her to return the children to him. The record does not indicate any further action by the trial court or the father on the father's request for enforcement of the custody order.
In 1998, the mother filed a motion to determine the father's child-support arrearage. The trial court entered a judgment finding that the father's child-support arrearage was $49,100. Because the father was not at the hearing, because of his military service in Germany, the trial court gave him 60 days to submit additional evidence. The trial court held a second hearing, at which the father was present, and entered a judgment finding that the father had a $25,000 child-support arrearage. The father filed a postjudgment motion, which the trial court denied. The father appeals, arguing that the trial court erred by finding that he had any arrearage.
The determination of a child-support arrearage and the allowance of credits toward an arrearage are within the discretion of the trial court. Kuhn v. Kuhn, 706 So.2d 1275 (Ala.Civ.App. 1997). Absent a showing of an abuse of discretion, the trial court's judgment will not be reversed. Id.
It is undisputed that the father did not comply with the child-support order from August 1989 to June 1995 (the younger child turned 19 on June 1, 1995). The father argues that he should not be obligated to pay any child support during that period because, he says, the mother did not comply with the custody order during that period. We disagree.
"Although child support is paid to the custodial parent, it is for the sole benefit of the minor children." State ex rel. Shellhouse v.Bentley, 666 So.2d 517, 518 (Ala.Civ.App. 1995). "Parental support is a fundamental right of all minor children . . . . The right of support is inherent and cannot be waived, even by agreement." Ex parte University ofSouth Alabama, 541 So.2d 535, 537 (Ala. 1989). This court has consistently held that a parent's noncompliance with a divorce judgment does not justify the termination of child support owed by the other parent. See *Page 769 McWhorter v. McWhorter, 705 So.2d 423 (Ala.Civ.App. 1997); Floyd v.Edmondson, 681 So.2d 583 (Ala.Civ.App. 1996); State ex rel. Shellhousev. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995); Phillippi v. State exrel. Burke, 589 So.2d 1303 (Ala.Civ.App. 1991) (all holding that a parent's obligation to pay court-ordered child support is never contingent on the receipt of court-ordered visitation). See also S.F. v. State exrel. T.M., 695 So.2d 1186 (Ala.Civ.App. 1996) (requiring a father to pay child support even where the mother's sexual assault of the father had resulted in the conception of the child).
The 1988 divorce judgment provided that the father would pay child support when the children were not in his custody. The 1988 divorce judgment provided that the father would have custody of the children during the school year and would not have a child-support obligation during that time. The record indicates that the father had custody of the children for the 1988-1989 school year and that the mother had custody of the children for the summer of 1989. Under the terms of the divorce judgment, the father was to have custody of the children beginning September 1, 1989; however, the children apparently remained in the mother's custody.
The father testified that he requested that the mother return the children to him, and the mother testified that the father asked her to keep the children. The record reflects no actions by the father other than his answer to the court's 1989 entry of a withholding order to enforce the support provisions of the 1988 judgment. The trial court merely enforced the divorce judgment, which ordered the father to pay child support when the children were not in his custody. Applying the caselaw of McWhorter, Floyd, Shellhouse, and Phillippi, cited above, we conclude that whether the mother was complying with the custody order is not relevant, especially in light of the fact that the father did not appeal the trial court's 1989 order and took no other action to enforce the custody order.
The trial court's finding that the father owed a $25,000 child-support arrearage is supported by the evidence. The father presented evidence regarding payments he had made directly for the children's benefit, which supported an award of credits toward the arrearage.
The trial court's judgment is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.