Donna Walker ("the wife") and Phillip D. Walker ("the husband") were divorced on October, 22, 1993. The divorce judgment granted the wife custody of the minor children and ordered the husband to pay monthly child support in the amount of $1,064. On June 23, 2000, the husband filed a motion to modify his child-support payments based on an alleged change of circumstances. The wife responded by filing a motion for a rule nisi, alleging that the husband was behind in his child-support payments. The evidence that the husband was current in his child-support payments through May 1998, is undisputed.
The case proceeded to trial, and on April 5, 2001, the trial court issued an order reducing the husband's monthly child support payments to $558. The trial court made this reduction retroactive to June 2000, which was the month the husband filed his motion to modify his child-support obligation. From June 1998 through May 2000, the husband's child-support obligation was $24,472 ($1,064 x 23). Based upon the new child-support order, the husband then owed $558 per month from June 2000 through April 2001, or a total of *Page 945 
$6,138. Thus, the total child-support amount owed when the trial court entered its April 5, 2001, order was $30,610. The exhibits before the trial court indicate that the husband paid a total of $4,000 between June 1998 and December 1998; he paid $6,000 during 1999; he paid $6,715.36 during 2000; and he paid $861.06 between January 2001 and March 2001 (totaling $17,576.42) The trial court stated in paragraph four of the new child-support order:
 "[T]he Court finds that there is no judgment for child support arrearage due to the Plaintiff after giving retroactive effect to the child support recalculation as set forth hereinabove. The Accounts Clerk's records shall be revised to show that there is no child support arrearage as of the date of this Order."
The wife appeals, arguing that the trial court erred in stating that no arrearage was due when it entered the April 5, 2001 order.
When a trial court's judgment regarding child support, including a determination of arrearage, is based on ore tenus evidence, that judgment is presumed to be correct and will not be reversed on appeal unless it is plainly and palpably wrong. See State ex rel. Scott v. Scott, 637 So.2d 892,893 (Ala.Civ.App. 1994). However, child support obligations become final money judgments on the day they accrue. See Kuhn v. Kuhn, 706 So.2d 1275,1278 (Ala.Civ.App. 1997). Payments that mature or become due before the filing of a petition to modify are not modifiable. See Ex parte State exrel. Lamon, 702 So.2d 449, 450-1 (Ala. 1997). Rule 32(A)(3)(a), Ala. R. Jud. Admin., states that "[t]he provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification." Under the current rules, a trial court has no power to forgive an accrued arrearage. Lamon, 702 So.2d at 451.
Based on the evidence presented of the amount of child-support owed and the amounts paid, we conclude that the trial court abused its discretion by ordering that no arrearage was due at the time the April 2001 order was entered. While the trial court has the discretion to allow a credit upon proof that monetary support was actually provided, Kuhn, 706 So.2d at 1278, the husband argued only his present inability to pay the original court-ordered amount, not that previously paid amounts should be credited to him. Also, the trial court could not forgive the child-support payment that accrued on June 1, 2000. The April 2001 order could apply retroactively only to June 23, 2000. Furthermore, a trial court with jurisdiction over proceedings to enforce an earlier child-support judgment is without authority to waive the imposition of statutorily imposed postjudgment interest upon such payments. See State ex rel.Pritchett v. Pritchett, 771 So.2d 1048, 1051 (Ala.Civ.App. 2000).
Insofar as the trial court held that no arrearage existed in April 2001, we reverse its judgment. We remand the case for the trial court to properly calculate the arrearage, including a prorated amount for the month of June, to properly calculate the interest due on the arrearage, and to enter an order consistent with this opinion.
The wife's request for an attorney's fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley and Thompson, JJ., concur.
Murdock, J., concurs in the result. *Page 946