DONALDSON, Judge.
Julia M. Bradley (“the mother”) appeals, and Kevin D. Murphy (“the father”) cross-appeals, from a judgment of the Baldwin Circuit Court (“the trial court”) entered following a trial on the father’s petition to modify the parties’ divorce judgment. As to the mother’s appeal, we reverse and remand; as to the father’s cross-appeal, we affirm.
Facts and Procedural History
The mother and the father were divorced by a judgment entered by the trial court in March 2011. The parties had two minor children at the time of the divorce, D.M. and K.M (“the children”). The divorce judgment, which incorporated the parties’ settlement agreement, among other things, granted the mother sole physical custody of the children and ordered the father to pay $3,600 per month in child support. On June 6, 2014, the father filed a petition seeking, among other things, a modification of his child-support obligation and a modification of custody of the children. In the petition, the father asserted that his income had significantly decreased since the entry of the divorce judgment and that his child-support obligation had been erroneously calculated. The father also requested joint physical custody of the children. Additionally, the father filed a contempt motion, asserting that the mother had interfered with his visitation.
The trial court held a trial on the father’s petition on April 23, 2015, at which both the father and the mother testified. The father testified that, at the time the divorce judgment was entered, he was living in Indonesia and working for a global oil company and that, when he was living in Indonesia, he returned to Alabama two to three times each year for three weeks at a time. The father testified that he changed his job assignment in December 2014 so that he could spend more time with the children. Under the arrangement in place at the time of the modification trial, the father alternated living in Alabama and Angola approximately every other month. The father also testified that the mother had prevented him from seeing the children on various occasions when he had returned to Alabama.
The father testified that, at the time the divorce judgment was entered in 2011, his monthly income was $38,386. The father testified that, since then, his income had decreased to $27,153 per month. The father testified that he paid $468.40 per month for health-insurance coverage. The father testified that the first time he saw the CS-42 child-support-guidelines form (“the CS-42 form”) that had been prepared by the mother and filed in the trial court before the entry of the divorce judgment was when he was in his current attorney’s office for consultation regarding the filing of the modification petition. At that time, *461 the father learned that health-insurance costs in the amount of $240 had been added to, rather than deducted from, his child-support obligation on the CS-42 form, thereby, he says, causing a $480 calculation error.
The father stated that he had requested a custody modification so that he could exercise custody of the children each time he was in Alabama. The father testified that he would like to have a strong father-daughter relationship with both children. The father testified that he would be able to homeschool thp children while they were in his care. The mother’s testimony was brief and was directed toward the custody-modification request and the contempt motion. She testified that the reason she had not allowed the father to have visitation with the children on certain occasions was because the children are home-schooled and, she believed, the parties would be violating truancy laws if she allowed the children to have an undefined amount of time away from her home with the father. The mother testified that the father had previously opposed medical and psychiatric care for the children and that the children, on occasion, had exhibited signs of poor hygiene when returning to the mother after exercising visitation with the father.
At the conclusion of the modification trial, the trial court found the mother in contempt for preventing the father’s visitation with the children on certain occasions and awarded $1,000 in attorney’s fees to the father as a sanction for the mother’s contemptuous conduct.[1] The trial court declined to modify the custody provisions of the divorce judgment but stated that the father’s parenting time would be increased. The trial court also explained in open court that it would not modify the father’s child-support obligation but that it intended to “correct” what was described as a “calculation error” and give the father credit for that error:
“I’m not going to modify the child support, per se, based on what the income level has been not just in 2011 to today, but over the course of the last four years, I understand that you voluntarily decided to reduce that income to spend time with them, and that is commendable, but because that was a voluntary reduction, I don’t feel like the girls should necessarily suffer in other ways. And you chose and agreed to pay more than even the guidelines.
“Now, with your level of income, I don’t believe that the amount that you’re paying—I’m talking about the new level that you referred to for 2015. I do not ... believe that the amount you agreed to is an unreasonable amount.
“However, there was an error, and this is how I’m going to correct that error. The error in the 2011 child support award was in the amount of four hundred and eighty dollars a month. So I am going to assume that deviation was based on the amount that you would have been ordered to pay and the amount of overage you agreed to pay. So I am reducing the child support number by four hundred and eighty dollars a month.
“That’s not modifying child support; that is simply correcting the scrivener’s error. Due to that error, [the father] is due a credit in the amount of twenty thousand one hundred and sixty dollars. That’s obviously a significant amount of money. But the way that’s going to be repaid by [the mother] is that we’re going to reduce the child support award by four hundred and eighty dollars per month until that is paid in full.
*462 “,.. 1⅛ going to credit the one thousand dollars in attorney’s fee that she would owe you based on the contempt against that twenty thousand. So as we sit here today, it’s nineteen thousand one hundred and sixty dollars. So it’s basically forty months. The last month it will be some odd change, which y!all can figure that out.
“So.for forty[-four] months the child support will be reduced by nine hundred and sixty dollars, and then after that it will be four eighty, unless it’s modified prior to that four-year expiration.”
At the conclusion of the trial, the trial court ordered the parties’ attorneys to submit a proposed order reflecting ■ the findings and conclusions announced by the trial court. On July 24, 2015, the trial court held a hearing regarding the parties’ apparent inability to agree to a proposed order. That same day, the trial court entered a.written final judgment incorporating the findings and conclusion's made at the trial. On August 14, 2015, the mother filed a timely motion pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the judgment. The father filed a motion pursuant to Rules 59(a) and (e) seeking a new trial or, in the alternative, to vacate the judgment. On. October 2, 2015, the trial court held a hearing on the parties’ postjudgment motions, at which it received arguments of the parties’ attorneys. The mother’s attorney argued that the father was not due a credit for any overpayment of child support as a result of an alleged error on the, CS-42 form, that the father had agreed to the amount of child support, and that the father’s child-support obligation should not be modified. In response, the father’s-attorney argued that the father’s agreement to pay approximately $1,000 more per month in child support than the figure listed on the CS-42 form was based on an erroneous figure contained on that form; The father’s attorney also asserted that the father had resumed his previous employment schedule after the trial and that he would be. in Alabama only two times per year.
On November 9, 2015, the' trial court entered an order in which it amended the provision in the July 2015 judgment to tailor the father’s visitation with the children to his revised employment schedule but'denied thé requested relief related to the father’s child-support obligation.[2] On December 21, 2015, the mother timely filed her notice of appeal to this court. The father timely filed his cross-appeal on January 4, 2016.[3].
Discussion
The Mother’s Appeal
On appeal, the mother argues that the trial court erred in purporting to correct the father’s child-support obligation that had been established in the divorce judgment based on an alleged calculation error contained on the CS-42 form that was completed before the entry of the divorce judgment, in awarding the father credit for the purported “overpayment” that resulted from the calculation error, and in reducing the father’s child-support *463 obligation prospectively to account for the calculation error.[4]
At' the outset,' we note that the father’s income at the' time the divorce judgment was entered was well in excess of the amounts provided in the child-support guidelines and that the father’s child-support obligation of $3,600 per-month as ordered in the divorce judgment was based upon the agreement of the parties. “When, as in this case, the decree fixing the amount of support is based on an agreement between the parties, the decree should not be modified except for clear and sufficient reasons and after thorough consideration and investigation.” Tucker v. Tucker, 588 So.2d 495, 497 (Ala.Civ.App.1991).
“A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification.” Coleman v. Coleman, 648 So.2d 605, 606 (Ala.Civ.App.1994) (citing Kellum v. Jones, 591 So.2d 891 (Ala.Civ.App.1991)). The trial court stated at the conclusion of the trial that it was not modifying the father’s child-support obligation but that it was instead correcting a calculation error. In its judgment, the trial court stated:
“Due to a calculation error when the child support was calculated at the time the Final Judgment of Divorce was entered, wherein FATHER’S cost of health insurance was added on Line 9 instead of subtracted on Line 9 [of the CS-42 form], therefore creating a $480.00 per month error, child support beginning May of 2015, is hereby reduced by $480.00 to the amount of $3,120.00 per month. Additionally, FATHER is hereby awarded a credit of $20,160.00 which is for his $480.00 per month overpayment from the time of [the divorce judgment] through April of 2015. Said credit shall be taken by a further reduction of $480.00 per month making FATHER’S child support $2,640.00 per month until the credit ... [is] used in full.”
Thus, the trial court expressly declined to modify child support but purported to correct an alleged calculation, error in the divorce judgment. Rule 60(a), Ala. R. Civ. P., provides that “[c]lerical mistakes in judgments, orders, or other parts of the record, and - errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.” This court has held that a trial court may correct child-support obligations and calculation errors under Rule 60(a). See Ex parte Britt, 212 So.3d 963, 966 (Ala.Civ.App.2016)(trial court had discretion under Rule 60(a) to correct the month in which the father’s child-support obligation was due and to adjust the resulting calculations); and Bergen-Patterson, Inc. v. Naylor, 701 So.2d 826, 828 (Ala.Civ.App.1997)(noting that a calculation error is a clerical mistake as contemplated by Rule 60(a)).
However, “ ‘Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’ Wright & Miller, Federal *464 Practice & Procedure § 2854, at 149 (1973).” Kudulis v. Kudulis, 709 So.2d 1255, 1256 (Ala.Civ.App.1998). In this case, the divorce judgment ordered the father to pay the amount of child support that the parties had expressly agreed to in the settlement agreement—$3,600 per month. Any calculation error involved in establishing the father’s child-support obligation was not made in the divorce judgment or in the settlement agreement that was incorporated into the judgment. Instead, any purported calculation error was made on the CS-42 form. The parties’ combined adjusted gross income exceeds the $20,000-per-month uppermost limit of the Rule 32, Ala. R. Jud. Admin., ehild-support-guide-lines schedule; therefore, Rule 32 is inapplicable and the father’s child-support obligation was not subject to calculation by the application of the Rule 32 child-support-guidelines schedule or the CS-42 form.[5] Schiesz v. Schiesz, 941 So.2d 279, 288 (Ala.Civ.App.2006). “Further, as this court has ... noted, ‘[t]he Comment to Rule 32 states that “[w]here the combined adjusted gross income exceeds the uppermost limit of the schedule, the amount of child support should not be extrapolated from the figures given in the schedule, but should be left to the discretion of the court.”’” McGowin v. McGowin, 991 So.2d 735, 741 (Ala.Civ.App.2008) (quoting Arnold v. Arnold, 977 So.2d 501, 507 (Ala.Civ.App.2007)). See also Batain v. Batain, 912 So.2d 283, 285 n. 2 (Ala.Civ.App.2005) (noting that, “if the parties’ combined gross monthly income exceeds [the guidelines limit], the filing of CS-41 income affidavits and CS-42 forms are not necessarily required because an award of child support in that circumstance would not be governed by Rule 32”). Although, under Rule 60(a), a trial court has the authority to correct clerical errors in a judgment, the parties’ divorce judgment accurately reflected the agreement of the parties. Thus, there was no error in the divorce judgment to be corrected under Rule 60(a).
The father asserts in his appellate brief that, “[ajfter hearing testimony from both parties, the trial court determined that Father’s agreement to pay Mother $3,600 per month in child support had indeed been based on the amount erroneously calculated by Mother’s attorney.” The record contains no testimony from either party indicating that the father’s agreement to pay the mother $3,600 per month was based on the amount calculated by the mother’s attorney on the CS-42 form. The father’s attorney, at the postjudgment hearing, argued that the father had agreed to pay $1,000 more per month than what was listed on the CS-42 form, and that, had the health-insurance costs been deducted from, rather than added to, the father’s child-support obligation, the father would have agreed to pay approximately $3,100 per month instead of $3,600. However, “[t]he unsworn statements, factual assertions, and arguments of counsel are not evidence.” Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005).
At the conclusion of the trial, the trial-court judge stated: “I am going to assume that deviation [from the child-support guidelines] was based on the amount that you would have been ordered to pay and the amount of .overage you agreed to pay.” The evidence indicates that the father’s child-support obligation listed on the CS-42 form was $2,549. On that same form, under the “Comments” section, it states: “The parties have agreed to deviate from *465 Rule 32 due to the distance between the parties and the income of [the father].” The settlement agreement states that the father “shall pay child support in the amount of $3,600.00 per month. This is a deviation from Rule 32 ... due to the distance between the parties and the [father’s] current income and living expense circumstances.” In addition, as explained above, the child-support guidelines.are not applicable based on the parties’ combined adjusted gross income.
Furthermore, as noted, the parties had agreed to the father’s child-support obligation.
“A settlement agreement is as binding on the parties as any other contract, and it will be enforced by the courts. Coaker v. Washington County Bd. of Educ., 646 So.2d 38 (Ala.Civ.App.1993). A settlement agreement may be reopened only for fraud, accident, or mistake. Nero v. Chastang, 358 So.2d 740 (Ala.Civ.App.1978). Where the terms of a written settlement agreement are clear and unambiguous, the terms of that agreement may not be varied by the introduction of parol evidence regarding a mutual mistake of fact. State Farm Mut. Auto. Ins. Co. v. Brackett, 527 So.2d 1249 (Ala.1988).”
Cain v. Saunders, 813 So.2d 891, 893-94 (Ala.Civ.App.2001). The terms of the settlement agreement are clear and unambiguous: the father agreed to pay $3,600 per month in child support for his two children.
Accordingly, the father could not be credited for any past “overpayments” of child support. It is well settled that
“child support obligations become final money judgments on the day they accrue. See Kuhn v. Kuhn, 706 So.2d 1275, 1278 (Ala.Civ.App.1997). Payments that mature or become due before the filing of a petition to modify are not modifiable. See Ex parte State ex rel. Lamon, 702 So.2d 449, 450-[5]1 (Ala.1997). Rule 32(A)(3)(a), Ala. R. Jud. Admin., states that ‘[t]he provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification.’ ”
Walker v. Walker, 828 So.2d 943, 945 (Ala.Civ.App.2002).
Because the parties’ divorce judgment accurately incorporated the agreement of the parties regarding the father’s child-support obligation, accrued child-support obligations contained in the divorce judgment could not be modified based on a purported clerical error. Therefore, that portion of the judgment modifying the father’s child-support obligation and providing him with a credit for previously paid obligations against future obligations is reversed, and the cause is remanded.
The Father’s Cross-Appeal
The sole argument raised by the father in his cross-appeal is that the trial court should have granted the father’s request to modify his child-support obligation. The father asserts that, since the entry of the divorce judgment, his income has decreased from $38,386 per month to $27,153 per month. The father argues that, although his monthly income exceeds the child-support guidelines, “due to such a substantial reduction [in the father’s income] it was manifestly unjust and inequitable [for the trial court] to refuse his request for a reduction of his child support obligation.”
As explained above, a party seeking a modification of child support must prove changed circumstances warranting the modification, and this court will reverse a trial court’s decision regarding a child-support modification only in narrow circumstances. See Coleman, 648 So.2d at 606. *466 See also Puckett v. Summerford, 706 So.2d 1257, 1257 (Ala.Civ.App.1997) ("Where evidence is presented ore tenus, the trial court’s judgment based on that-evidence is presumed correct, particularly in matters concerning child' support, and it will be reversed only upon a showing that the trial court abused its discretion or that its" determination is plainly and palpably wrong.”). Additionally, because the father’s child-support obligation in the- divorce judgment was based on the parties’ settlement agreement, it “should not be modified except'for clear and sufficient reasons and after thorough consideration and investigation.” Tucker, 588 So.2d at 497.
The evidence indicates that, • although the father experienced a decline in his income, that decline was voluntary and the father still earned a substantial salary. No evidence was presented to indicate that the father lacked the ability to pay his current child-support obligation or that he otherwise needed a reduction in his • child-support obligation. Therefore, the trial court did not exceed its discretion in denying the father’s request to modify his child-support obligation, and the judgment is. affirmed as to the father’s cross-appeal.
The mother’s request for an award of attorney’s fees on appeal is denied.
APPEAL—REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL—AFFIRMED,
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J„ concurs in the result, without writing.

. The mother does not challenge the finding of contempt or the sanction on appeal.

. No issue is raised regarding whether the trial court properly considered events that occurred after die trial as a basis for amending the judgment in response to the parties' Rule 59, Ala. R.. Civ. P„ postjudgment motions. However, we note that "a trial court cannot consider new evidence as a basis for amending a judgment.” Lawrence v. Lawrence, 117 So.3d 723, 726 (Ala.Civ.App.2013). See also Marsh v. Smith, 67 So.3d 100, 107-08 (Ala.Civ.App.2011); and Tice v. Tice, 100 So.3d 1071, 1073 (Ala.Civ.App.2012).

. See Marsh v. Marsh, 852 So.2d 161, 164 (Ala.Civ.App.2002) ("Rule 4(a)(2)[, Ala. R. App. P.,] allows a party to an appeal to file a cross-appeal within 14 days of a timely filed notice of appeal.”).

. Although the mother did not raise the third specific issue in her postjudgment motion, she did argue the issue at the postjudgment hearing. A transcript of that hearing is contained in the record on appeal. See Rule 4(a)(3), Ala. R. App. P. ("Any error or ground of reversal or modification of a judgment'or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52(b) or Rule 59 of the [Alabama Rules of Civil Procedure],”).

. We also note that, even if application of the Rule 32 guidelines would have been proper, the evidence indicates that the father’s income was also incorrectly listed on the CS-42 form as $20,000 per month, while his testimony indicated that, at the time the divorce judgment was entered, his income was actually $38,386 per month.