156 So.2d 158

Bobbie W. BRIGHT

v.

Naomi BRIGHT.

6 Div. 996.

Supreme Court of Alabama.

Aug. 29, 1963.

Roger F. Rice, Birmingham, for appellant.

Chas. Nice, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from a decree relative to non-payment of child support installments by appellant, and dismissal of appellant's petition for a writ of habeas corpus seeking custody of the child.

Naomi Bright, the appellee here, was awarded a decree of divorce from Bobbie W. Bright, the appellant, on 18 November 1960. The divorce decree incorporated an agreement between the parties as to the the custody and support of a minor daughter of the marriage. By the agreement and decree, custody of the child was awarded to Naomi Bright, with visitation rights in the father who was obligated to pay $20.00 per week for support of the child.

Mr. Bright has remarried since the divorce.

In March 1963, Naomi Bright instituted proceedings looking toward having Bobbie W. Bright adjudged in contempt of court for non-payment of the child's support payments which she alleged to be in arrears to the amount of $1180.00.

Bobbie Bright countered with a petition for habeas corpus seeking full custody of the child on the basis that Naomi Bright's conduct had been such that she was unfit to retain custody of the child.

After a full hearing the court entered a decree fixing the arrearage in support payments at $840.00, to be paid by adding $5.00 per week to the $20.00 per week payments theretofore provided.

The court made no findings or orders relative to any contempt because of the failure of payment of the support installments.

The provisions of the original divorce decree as to the care and custody of the child were continued in force.

The habeas corpus petition was dismissed.

From this decree Bobbie W. Bright perfected this appeal.

■ The testimony below is in irreconcilable conflict as to the fitness of Naomi Bright to be custodian of her child. The same may be said as to the fitness of Bobbie W. Bright to have custody of the child. No useful purpose would be served in detailing this testimony.

The evidence shows that for a number of years the child has been a boarding student at the Blessed Sacrament Academy where she remains from Monday until Friday afternoon. Naomi Bright has regularly paid each month the tuition and boarding fees. The court was undoubtedly impressed by the testimony of two of the Sisters of that institution that the child was a very good girl, very happy, well mannered, and popular with the other students, and always well clothed. She always spoke of spending her weekends at her grandmother's, where her mother largely made her home.

We also note that, by agreement between the parties, the court talked privately with the child before rendering his decree.

Suffice to say that under the evidence presented we are not in position to say that the court erred in its conclusions and decree in continuing the custody of the child in the mother.

This being so, the lawful custody of the child was in Naomi Bright, and the habeas corpus petition was properly denied by dismissal.

Bobbie W. Bright contends that his income from the Birmingham Tire Supply Company, of which he is Vice President, was $1437.60 for 1961, and $1700.00 for 1962. However, the accountant for that firm testified that Mr. Bright drew $1900.00 from the firm in 1962, and $2894.43 in 1961.

Mr. Bright testified that until 1959 the Birmingham Tire Supply Company had been a very lucrative business. However, in 1959 they went into "tire supply" and this proved most unprofitable. The company has now discontinued its tire supply business and has started rebuilding its original business.

■ Since no contempt sanction was imposed, we are not inclined to interfere with the decree of the lower court in reference to its orders relative to the support payments. Certainly the lower court was in better position to evaluate the testimony of the witnesses in this regard than are we.

The legal principles invoked by this review are too elemental and well settled to justify a restatement. We think an application of these principles necessitate an affirmance of the decree of the lower court, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.