326 So.2d 766

**Patricia Ann OSBORNE**

v.

**George E. OSBORNE.**

**Civ. 633.**

Court of Civil Appeals of Alabama.

Feb. 11, 1976.

James N. Brown, III, Birmingham, for appellee-defendant.

James L. Shores, Jr., Birmingham, for appellant-plaintiff.

**206**

WRIGHT, Presiding Judge.

The parties were divorced in 1966. Custody of two children with support of $130.00 per month was awarded to the plaintiff. Each party remarried. The defendant adopted the daughter of his second wife. The second husband of plaintiff is deceased. She and defendant's children each receive $82.60 per month in social security benefits from the second husband's account. Defendant has had little contact with his children and has never paid support as ordered in the divorce decree.

In July, 1974, petition was filed by plaintiff seeking determination of amount due in support and an order of contempt against defendant. The trial court found the sum due and unpaid to be $12,220.00. Defendant was not found in contempt, but was ordered to pay the amount due in payments of $100.00 per month. The court then modified the former decree by lowering future support payments to $50.00 per month.

Plaintiff presents three issues on appeal: (1) Interest should have been granted on the past-due support. (2) The court had no authority to permit payment in install-

ments. (3) There were no changed circumstances supporting the reduction in support payments. We will discuss the issues presented in order.

It has often been stated by the Supreme Court of Alabama that accrued installments of alimony and child support are not subject to change. *Scott v. Scott,* 265 Ala. 208, 90 So.2d 813; *Hall v. Hall,* 280 Ala. 275, 192 So.2d 727. Such installments become final judgments as of the date due and may be collected as other judgments. *Armstrong v. Green,* 260 Ala. 39, 68 So.2d 834; *Wood v. Wood,* 275 Ala. 305, 154 So.2d 661. It is the law that judgments for the payment of money bear interest from the date of rendition. Title 9, Section 63, *Code of Alabama* (1940). *Fuller v. Martin,* 41 Ala.App. 160, 125 So. 2d 4. If installments for support become final judgments as of the date they become due, as stated by the above citations, it follows that such judgments would bear interest from due date. We have not been cited to any divorce case in this state which has decided this issue. However, our research discloses the following from the case of *Rochelle v. Rochelle,* 235 Ala. 526, 179 So. 825:

"Interest is properly chargeable on an amount which is ascertainable by a legal standard. There was no error in allowing interest after default in paying deferred installments. (Citations omitted.)

. . . . . .

"We think the court should proceed with the proper steps to be taken to collect the amount ascertained . . . in the principal sum of $4,925 . . . and *that interest should be added to each installment to the extent it was not paid, calculated until it is paid* . . ." (Emphasis added.)

We find the holding of *Rochelle* dispositive of the issue of whether interest should have been added in this case. Therefore, the court erred in not determining interest due according to the formula of *Rochelle.*

■ Our study of the second issue presented has raised some apparent inconsistencies in the case law of this state. Alabama through expressions in cases beginning with *Epps v. Epps,* 218 Ala. 667, 120 So. 150, has followed the rule that there is no power in the court to modify decrees for installment payment of alimony and support retrospectively. As previously stated herein, installments become final judgments as they are due, and may be collected as any other judgment, *Armstrong v. Green, supra,* yet there are appellate decisions approving payment of such "judgments" themselves in installments. *Armstrong v. Green, supra; Bright v. Bright,* 275 Ala. 473, 156 So.2d 158; *Evans v. Evans,* 264 Ala. 2, 84 So.2d 337. In the instant case the court found the total of "final judgments" to be $12,220.00, yet directed that defendant pay such judgments in payments of $100.00 per month. Such direction is $30.00 per month less than the installments through which the judgments accrued. After the addition of the accrued interest as we have herein determined, two-thirds of such payments will likely be interest and only one-third will be applied to principal. It follows that it will be impossible for defendant to pay the accrued judgment and interest at the rate of $100.00 per month during a normal lifetime.

To approve such payments is to effectively modify the original decree retrospectively. Contrary to the prohibition stated in *Armstrong v. Green, supra,* payment of such "judgments" in installments is inconsistent with their being "final judgments and collectible as other judgments." This is the inconsistency in the cases we previously referred to above. We know of no other judgment upon which execution may be prevented by direction of payment in installments.

We comprehend that a contempt of court may be purged by an order of payment of a sum upon past-due installments, but such order should not be a bar to collection of the judgment by execution or garnishment if assets of defendant are available to such process. It is not clear from the decisions of the Supreme Court that this issue has ever been precisely presented on appeal. We believe that the approval of payment of "final judgments" for alimony or support by installments has been merely dicta, and is not binding on this court. We therefore follow the rule that accrued installments of support are final judgments and may be collected as any other judgment. An order of the trial court permitting the payment of such judgments in installments is not a bar to any other process for collection of judgments. This must be the law unless the Supreme Court overrules *Armstrong v. Green, supra,* and other cases, and follows the rule of many other states which permit retrospective modification of judgments for alimony and child support. The prospect for such consideration by the Supreme Court would be a factor for seeking certiorari in this case.

The third issue presented in this case is whether the evidence shows a change of circumstances sufficient to support the modification of the original decree of support. We find it fails to do so.

■ The burden of showing changed circumstances is on the party seeking a modification of the original decree. *Clarke v. Clarke,* 47 Ala.App. 558, 258 So.2d 902; *Sneed v. Sneed,* 279 Ala. 344, 185 So.2d 135. The evidence showed that the income of defendant increased from $3,800.00 at the time of the original decree to approximately $15,500.00 at present. Defendant has a new wife and an adopted child. He argues that his payments should be reduced because the children receive social security benefits through their stepfather and live in a home rent free belonging to their maternal grandparents. Were it not for these benefits the children would indeed have been in dire circumstances. Defendant has not been of any assistance through the years. The primary duty of support of children is upon the father.

*Womble v. Womble,* 56 Ala.App. 318, 321 So.2d 660. The largesse of others does not relieve the father of contributing according to his ability and the need of the children. *Brock v. Brock,* 281 Ala. 525, 205 So.2d 903. No doubt the reduction of support granted by the court was, at least in part, because of the order to pay $100.00 upon the past-due support. We do not consider such order pertinent to the determination of present and future support. In view of the income of the father, $50.00 monthly support for two children now in or approaching their teens is clearly inadequate and unsupported by the evidence. The modification must be reversed.

For error on all the issues presented by plaintiff, the judgment below is reversed and the case remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.