This appeal by Mrs. Stewart, the former wife of Mr. Johnson, involves proceedings by her to enforce the child support provisions of the parties' divorce judgment. Mr. Johnson sought modification of child support.
We summarize only some of the history and facts of this case now pertinent to the issues before us.
Their divorce judgment of June 7, 1974, approved their agreement whereby Mr. Johnson was required to pay as child support for two daughters either the sum of $35 per week, or an amount equal to thirty percent of his net weekly income, whichever was greater. He was also required to maintain hospitalization and medical insurance upon the children. Both parties have now remarried. In her present complaint, Mrs. Stewart requested that her ex husband be adjudged to be in contempt of court for failure to pay the required amounts as child support and she further requested reimbursement *Page 103 
for payment of some of the children's medical and dental expenses. By counterclaim, Mr. Johnson requested modification of the previous judgment so as to delete therefrom the 30% of weekly wage requirement and to substitute therefor a sum certain to be paid by him as child support.
After an ore tenus hearing before the court, the trial judge rendered a judgment adjudging Mr. Johnson to be in contempt of court for failure to pay $2,850 in delinquent child support, suspended his incarceration in jail therefor, and allowed him to purge himself of contempt by paying thereon $75 each month; rendered judgment against him for the $2,850 and suspended execution on that judgment for so long as he continued to make such $75 per month payments; further rendered judgment against him for $950 for medical expenses with a suspension of execution thereon for 120 days; and modified the previous judgment by substituting the specific amount of $40 per week for child support in lieu of its original provisions. After her motion to alter or amend that judgment, or for a new trial, was overruled by the trial court, Mrs. Stewart duly appealed.
 1.
Mrs. Stewart first argues that the unpaid support greatly exceeded the amount as ascertained by the trial court. While no authority exists for a court to remit or reduce the amount of arrearages for already accrued installments of child support under Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963), we do not find that the trial court did so, for a review of the trial evidence reveals that the judgment is supported by the testimony. Under Mrs. Stewart's evidence, the trial court could have determined arrearages in any amount from about $2,680 to around $6,770. Hence, the circuit court was not in error in its adjudication of $2,850 as due for child support. Clutts v.Clutts, 54 Ala. App. 43, 304 So.2d 599 (1974).
 2.
The judgment did not make any allowance for interest on the amount of child support determined to be past due, and that deficiency was raised by Mrs. Stewart in her post-trial motion which was overruled. Since that issue was presented to and denied by the trial court, we must find that the failure to impose interest on the past due child support installments was error. Osborne v. Osborne, 57 Ala. App. 204, 326 So.2d 766
(1976).
 3.
The trial court suspended execution for 120 days as to the $950 judgment and a suspension of execution applied to the delinquent child support judgment for $2,850 while and if Mr. Johnson made the required $75 per month payments in so purging himself of contempt. Mrs. Stewart contends that this constitutes error, citing Osborne v. Osborne, supra, wherein it is stated:
 We comprehend that a contempt of court may be purged by an order of payment of a sum upon past-due installments, but such order should not be a bar to collection of the judgment by execution or garnishment if assets of defendant are available to such process. . . . We therefore follow the rule that accrued installments of support are final judgments and may be collected as any other judgment. An order of the trial court permitting the payment of such judgments in installments is not a bar to any other process for collection of judgments.
57 Ala. App. at 207, 326 So.2d at 768.
The question of the suspension of execution for 120 days as to the $950 judgment for medical and dental expenses is now moot since more than 120 days have expired since its rendition. However, under Osborne v. Osborne, supra, we must reverse that aspect of the order which suspended execution as to the $2,850 judgment.
 4.
Mrs. Stewart next contends that the amount of the judgment for medical and dental expenses should have been for a larger sum in that the trial court did not include in the judgment any reimbursement *Page 104 
for 1980 expenses. These items were largely represented by exhibits 3 through 8, which are not copied in the transcript since the court reporter certified that they were lost and are not available for copying therein.
There is evidence that exhibit 8 is a bill for dental expenses for an undisclosed amount for one child. Exhibits 5, 6, and 7 apparently were for dental expenses for the children since January 1, 1980. No duty was imposed upon Mr. Johnson by the divorce judgment to pay any dental expenses whatsoever.
As to exhibits 3 and 4, we cannot fathom the amounts thereof, to whom, or when they were paid.
Where some of the evidence which was introduced in the trial court is not included in the record on appeal, we presume that the unincluded documents were sufficient to sustain the action of the trial court. Valley Mining Corp., Inc. v. Metro Bank, Ala., 383 So.2d 158 (1980). Additionally, there was some evidence that Mr. Johnson at trial time carried medical and hospital insurance. The trial court could have ascertained that his obligation under the divorce judgment was fully satisfied by that insurance coverage.
 5.
The last contention of Mrs. Stewart is that the original judgment as to child support should not have been modified. We agree.
Mr. Johnson had the burden of proving that there had been a material change in the attendant circumstances since the 1974 divorce judgment before the modification relief sought could have been granted. Ex parte Boley, Ala.Civ.App., 392 So.2d 840
(1981).
The most significant change of circumstances shown by the evidence was that both parties had remarried, and that his remarriage had increased his expenses considerably. At the time of the trial, he was totally supporting his new wife (who was then pregnant) and her child by a previous marriage except for weekly child support of $12 paid by the present Mrs. Johnson's former husband. On the other hand, his gross income had increased from $3,750 in 1974, and no income in 1975, to $13,851 in 1979.
There was no evidence of the needs of the two teenage daughters; however, we take judicial knowledge that their living expenses have increased due to inflation and their aging since 1974.
While his remarriage and consequent increase in living expenses are circumstances to be considered, those facts are inadequate to justify a modification of child support. Mr. Johnson failed to meet the requisite burden of proof. We are not unmindful of the practical difficulties involved with the enforcement of support judgments which order payment of percentages of weekly net income; however, the proven facts are insufficient evidence of a material change in the circumstances of the parties upon which to base the modification of the judgment as to child support. Osborne v. Osborne, supra; Billv. Bill, Ala.Civ.App., 370 So.2d 1023 (1979).
Mrs. Stewart has requested an award of an attorney's fee on appeal, and we order Mr. Johnson to pay to her attorney the amount of $350.
The judgment of the circuit court is affirmed in all respects except as to issues above numbered 2, 3, and 5, as to which the judgment is reversed and the case remanded.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur. *Page 105