Robin and Kenneth Motley were divorced in August 1983. Under the decree of divorce as modified by a December 1983 order, the husband was ordered to pay $150 per month to the wife for the support of their child. In April 1986 the wife filed a complaint to enforce the child support and visitation provisions of the final decree of divorce. Trial was held and the court entered an order finding that the husband was not in contempt of court but that the husband owed $900 in arrearage on payments ordered in the decree of divorce. The court ordered this arrearage be paid in installments of $5 per month together with the regular monthly payment. The court stayed the collection of the judgment by execution or garnishment process and refused to award interest on the arrearage.
The wife contends on appeal that the trial court erred as a matter of law by staying execution or garnishment process on its judgment for past due child support and in failing to ascertain and enter judgment for interest due on the accrued support payments.
Alabama law is replete with cases holding that accrued installments of support are final judgments and may be collected as any other judgment. Thus an order of the trial court permitting the payment of such judgment in installments is not a bar to any other process for collection of judgments such as execution or garnishment if assets of the defendant are available to such process. The trial judge was without authority to stay that process. Argo v. Argo, 467 So.2d 258
(Ala.Civ.App. *Page 1229 
1985); Osborne v. Osborne, 57 Ala. App. 204, 326 So.2d 766
(1976).
We have in the past held that accrued child support payments become final judgments as of the date due and such judgments should bear interest from the due date. Judgments should be entered by the court with specificity, leaving the parties with nothing to determine on their own. Argo, supra.
We find the failure of the court to determine the amount of interest and enter a judgment thereon, as well as staying execution or other process to collect the judgment rendered, were error and require reversal. This case is remanded with direction to remove the stay on execution and garnishment and to ascertain and enter judgment for the amount of interest due under Alabama law on the past due child support.
The wife's request for attorney's fee on appeal is granted in the amount of $450.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.