ROBERTSON, Presiding Judge.
On October 23, 1990, D.S. was adjudged to be the father of L.N. On February 11, 1991, the Circuit Court of Shelby County found that, prior to the adjudication of D.S. as L.N.’s father, the State of Alabama extended Aid to Dependent Children benefits to L.N., in the amount of $1,195 and spent another $300 for blood tests in the paternity proceedings.
Thus, the court entered a judgment against D.S., and in favor of the State of Alabama, in the amount of $1,495. The court also ordered a stay of execution on the judgment, “provided that said D.S. shall pay said judgment in monthly installments of twenty-five dollars ($25) per month.”
*879 The state then filed a motion to alter or amend the judgment on the grounds that “[a] stay of execution against the State of Alabama is not permitted under Alabama law.”
On April 17, 1991, the court stayed all proceedings in the case relative to the motion to alter or amend, based on the fact that D.S. and his wife had filed bankruptcy proceedings in the United States Bankruptcy Court. On June 3,1991, the bankruptcy court ordered that D.S.’s debt to the state was nondischargeable and would be excepted from the bankruptcy court’s order of discharge. The order of the bankruptcy court was not filed in the trial court until June 24, 1991.
Because the trial court failed to rule on the state’s motion to alter or amend within 90 days of its filing, the state appealed to this court, asserting that the motion had been denied by operation of law and that the trial court erred in staying execution on the judgment entered in favor of the state.
D.S. failed to file a brief.
In Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App.1986), this court held:
“Alabama law is replete with cases holding that accrued installments of support are final judgments and may be collected as any other judgment. Thus, an order of the trial court permitting the payment of such judgment in installments is not a bar to any other process for collection of judgments such as execution or garnishment if assets of the defendant are available to such process. The trial judge was without authority to stay that process. Argo v. Argo, 467 So.2d 258 (Ala.Civ.App.1985); Osborne v. Osborne, 57 Ala.App. 204, 326 So.2d 766 (1976)” (emphasis added).
Although the aforequoted portion of Motley is a correct statement of law, the difference in Motley and the case currently before us is that monies due in Motley arose as a result of a failure to pay ordered child support. The judgment in this case is for benefits paid by the state on behalf of the child prior to the establishment of the child’s paternity. In other words, it is not a judgment for past-due, previously ordered child support payments. Instead, it falls within that class of judgment referred to in Motley as “any other judgment.”
Simply put, the judgment in this case is like any other judgment, and execution may not be prevented by direction of payments in installments. See Osborne v. Osborne, 326 So.2d 766 (Ala.Civ.App.1976). The trial court’s order, which allowed payment of the judgment in installments, “is not a bar to any other process for collection of judgments such as execution or garnishment.” Motley, 505 So.2d at 1228.
The judgment of the court is reversed and remanded with instructions to enter a judgment in accordance with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ„ concur.