These consolidated appeals involve the trial court's refusal to award post-judgment interest on accrued installments of child support in six cases. In the absence of transcripts, the State supplied evidentiary statements pursuant to Rule 10(d), A.R.App.P. In its order approving the statements, the trial court incorporated and appended its order denying the State's post-judgment motion. That order sets out the trial court's reasoning for its refusal to award post-judgment interest.
In its order denying the State's post-judgment motion for reconsideration in each case, the trial court stated as follows:
 "This matter is before the Court on MOTION FOR RECONSIDERATION filed by the State of Alabama through the Department of Human Resources in connection with each of these cases. The State, through the Department, initiated these petitions seeking enforcement of child support orders and to establish arrearage of past due support.
 "The State also sought orders from the Court assessing interest on the past due arrearages. No evidence was presented in any of these cases as to the dollar amount of interest sought or for what period of time it was to be computed. The requests for interest were denied. The State requests that those decisions be reconsidered.
 "Aside from the deficiencies in evidence as to the time periods for calculation of interest, amounts, and rates, there are very practical and common sense reasons for denial of said requests.
 "This Court (specifically this Judge) has been as aggressive and diligent as probably any in this state in pursuing and enforcing its child support orders. Many recalcitrant fathers (and a few mothers) have been held in contempt and incarcerated for failure to pay support. Repeat offenders have been, almost without exception, held in contempt and jailed.
 "It is believed by the Court (although it cannot be confirmed with statistical certainty) that this policy has resulted in fewer petitions in the past few years.
 "To the extent that the contempt powers of this Court can be used to pry money from these parents, they have been employed aggressively. Still, those who will not or cannot pay persist.
 "All of these arrearages have grown into thousands of dollars, the least being $2,008.00 and the most being $25,385.00. This Court tries as best it can to collect these past due amounts usually by increasing the monthly payments and continuing threats of imprisonment.
 "But these are hard times for many people. Practically all of these parents (fathers) are blue collar wage earners with modest incomes.
 "Long experience in this business tells us that when the burden becomes too heavy, the guilty flee and nothing is collected without continual and difficult efforts at pursuit. It seems foolish to assess additional interest which puts one past that point. When the goose runs off, there are no more golden eggs!
 "Many of these arrearages build up over a period of years with no enforcement action taken by the recipient parent. They permit these figures to build so high that there is no reasonable chance of collection. These parents bear some responsibility for permitting this condition to occur. This is no excuse or justification for failure of those to pay the support — it is simply a practical fact that should be taken into consideration in deciding what to do about it.
 "The sign on the front of this building says 'Lee County Justice Center' not 'Lee County Bank.' Courts are in the business of doing justice. Banks are in the business of making money on the use of money — interest. When a bank loan goes bad, regulations require that it be placed on a 'nonaccrual' basis. That is, no more interest is added. The banker's efforts then are directed toward recouping his principal.
 "These child support arrearages are akin to 'bad loans.' The efforts of the courts in my view, should be directed toward trying to collect the 'principal' and *Page 3 
forgetting 'interest.' This is particularly true where the chances of ever collecting the entire arrearage are slight (and even lessened when interest is added often making the burden unbearable).
 "The position of this Court should not be misunderstood. It has no sympathy for those parents who refuse or fail to support their children. It will continue to consistently and diligently enforce child support orders. But, in the opinion of this Court, to add interest is counter productive and unwise.
"The MOTION FOR RECONSIDERATION is DENIED."
We note, initially, that a trial court's judgment following an ore tenus proceeding is presumed correct and will not be set aside unless it is plainly and palpably wrong or unjust. Additionally, matters concerning child support rest within the sound discretion of the trial court, and the trial court's judgment will not be reversed absent a showing of abuse of that discretion. Crawford v. Bullock, 587 So.2d 363 (Ala.Civ.App. 1991). When a trial court improperly applies the law to the facts, however, the presumption of correctness does not exist.Gaston v. Ames, 514 So.2d 877 (Ala. 1987).
It is well established in this state that accrued installments of child support become final judgments as of the date due, and they may be collected as other judgments.Osborne v. Osborne, 57 Ala. App. 204, 326 So.2d 766
(Ala.Civ.App. 1976). In Osborne, then Presiding Judge Wright opined:
 "If installments for support become final judgments as of the date they become due, . . . it follows that such judgments would bear interest from [the] due date."
Osborne at 206, 326 So.2d 766.
Since Osborne, this court has consistently held that where that issue was presented to and denied by the trial court, we must find that the failure to impose interest on the past-due child support installments was error. State of Alabama ex rel.Hayes v. Hayes, 620 So.2d 49 (Ala.Civ.App. 1993); Hawkins v.Harvey, 481 So.2d 907 (Ala.Civ.App. 1985); and Stewart v.Johnson, 401 So.2d 101 (Ala.Civ.App. 1981). Further, because
 "accrued child support payments become final judgments as of the date due and may be collected as other judgments, . . . such judgments would bear interest from due date. 'The judgment must be conclusive and certain in itself. All matters should be decided; damages should be assessed with specificity, leaving the parties with nothing to determine on their own.' Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976)."
Argo v. Argo, 467 So.2d 258, 259 (Ala.Civ.App. 1985).
This court is mindful of the tremendous burden placed upon trial courts, and their herculean efforts in the exercise of their duties, to enforce orders of child support. This court is aware of the efforts of the trial court, as well as other jurists of the state, in handling a sometimes overwhelming load of cases involving support; however, we have no authority to ignore the statutes or the clear and settled legal precedent.
Based upon the foregoing, we must reverse the judgment of the trial court regarding the entitlement to interest pursuant to Ala. Code 1975, § 8-8-10, and we remand the cause for the proper calculation of interest and the entry of a judgment accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur. *Page 911