THOMPSON, Presiding Judge.
Eva May Sims (“the mother”) appeals from a judgment of the Chilton Circuit Court (“the trial court”) denying her request to set aside a transfer of property between Timothy Bruce Sims (“the father”) and his current wife, Wanette Sims.
Most of the evidence presented to the trial court was documentary evidence. At the evidentiary hearing, the mother was the only person to testify, and her testimony was brief. The evidence presented to the trial court demonstrated the following. The trial court divorced the mother and the father in March 1992, and the mother was awarded custody of their minor child (“the child”). Pursuant to the divorce judgment, which incorporated an agreement between the mother and the father, the father was to pay child support to the mother for the benefit of their child, who was born in 1992. In January 1998, the trial court entered a judgment that increased the father’s child-support obligation. The child reached the age of majority in February 2011. However, during the time the child was a minor, the father did not make the child-support payments as ordered.
The father’s grandfather, Benjamin H. Sims, Jr., died in 2013, and three parcels of real property (“the three parcels”) in Chilton County were left to the father in Benjamin Sims’s will. The will was probated in the Chilton County Probate Court on March 26, 2013. In October 2013, the mother filed a petition for a rule nisi in the DeKalb Circuit Court, where she and the child had resided for more than ten years, seeking to have the father held in contempt for his failure to pay child support as ordered in the divorce and modification judgments of the trial court. The mother also sought a determination of the' father’s child-support arrearage.
On February 25, 2014, a warranty deed was executed conveying to-the father and his wife, Wanette, the three parcels devised to the father under Benjamin Sims’s will.
According to the mother’s complaint in this action, at the hearing in the DeKalb Circuit Court, “a consent to the $90,000 judgment was made by” the mother and the father. In his responses tp requests for admissions submitted to the trial court in this action, the father admitted that Wanette accompanied him to the DeKalb Circuit Court for a hearing on the mother’s petition for a rule nisi on September 2, 2014. However, in his interrogatory responses, which were also submitted into evidence, the father denied that “the hearing and the agreement for the $90,000 [was] set for and heard in DeKalb County on September 2, 2014.” On September 5, 2014, while the mother’s petition for a rule nisi was pending, the father executed a warranty deed conveying his interest in the three parcels to Wanette for consideration of one dollar.
On September 15, 2014, .the DeKalb Circuit Court entered an order (“the arrear-age judgment”), finding: . ■
“[T]he' parties have agreed that the [father] is in arrears in child support payments called for by the Chilton County Circuit Court in the sum of $90,000, which sum is due and owing at the time that the minor child became of legal age.... .. (
“[T]he [father] has agreed .to begin payments on said arrears on October -1, 2014, in a monthly sum of $400 per month.” ¡ •
The DeKalb Circuit Court also found that the father’s child-support obligation ended when the child reached the age of majority *1288 in February 2011. Based on its findings, the DeKalb Circuit Court entered a judgment of $90,000 against the father for unpaid child support, “for the collection of which execution may issue.” In a subsequent paragraph in the arrearage judgment, the DeKalb Circuit Court ordered the father to pay $400 each month toward the arrearage. There is no evidence in the record on appeal that either party appealed from- the arrearage judgment.
At the hearing on the mother’s complaint in this action, seeking to set aside the father’s conveyance of his interest in the three parcels, the mother testified that she had agreed to the entry of a consent judgment, i.e., the arrearage judgment, that determined that the father’s child-support obligation was $90,000 in arrears. However, she said, she did not agree that he could pay off that amount only through monthly $400 payments and that she could not seek to enforce the arrearage judgment through other means. She testified that she “was never told that.”
The father did not testify at the hearing in this matter. In the responses to interrogatories the mother propounded in this action, which were submitted into evidence, the father stated that he had consented to the arrearage judgment the De-Kalb Circuit Court entered against him “under the stipulation that [he] would pay it back at $400 per month.”
On September 30, 2015, the trial court entered its judgment denying the mother’s request to set aside the transfer of the father’s interest in the three parcels. In doing so, the trial court found that the mother and the father had “entered into a negotiated settlement for the payment of past due child support and therefore, the [mother] has no claim to the subject real estate.”
The mother timely filed a motion to alter, amend, or vacate the judgment, which the trial court denied. The mother then timely filed a notice of appeal to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
“ ‘Because the trial court heard ore tenus evidence during the bench trial, the ore tenus standard of review applies. Our ore tenus standard of review is well settled. “ ‘When a judge in a nonjury case hears oral testimony, a judgment based on findings of fact based on that testimony will be presumed correct and will not be disturbed on appeal except for a plain and palpable error.’ ” Smith v. Muchia, 854 So.2d 85, 92 (Ala.2003) (quoting Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996)).
“““The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of witnesses.’ Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). The rule applies to ‘disputed issues of fact, ’ whether the dispute is based entirely upon oral testimony or upon a combination of oral testimony and documentary evidence. Born v. Clark, 662 So.2d 669, 672 (Ala.1995). The ore tenus standard of review, succinctly stated, is as follows:
“ ‘ “ ‘[W]here the evidence has been [presented] ore tenus, a presumption of correctness attends the trial court’s conclusion on issues of fact, and this Court will not disturb the trial court’s conclusion unless it is clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence.’ ”
“‘Reed v. Board of Trs. for Alabama State Univ., 778 So.2d 791, 795 (Ala. 2000) (quoting Raidt v. Crane, 342 So.2d 358, 360 (Ala.1977)). However, “that *1289 presumption [of correctness] has no application when the trial court is shown to have improperly applied the law to the facts.” Ex parte Board of Zoning Adjustment of Mobile, 636 So.2d 415, 417 (Ala.1994).’
“Kennedy v. Boles Invs., Inc., 58 So.3d 60, 67-68 (Ala.2010). Furthermore, where there are no disputed facts and where the judgment is based entirely upon documentary evidence, our review is de novo. Weeks v. Wolf Creek Indus., Inc., 941 So.2d 263, 268-69 (Ala.2006).”
E.B. Invs., L.L.C. v. Pavilion Dev., L.L.C., 212 So.3d 149, 162 (Ala.2016)(emphasis added).
On appeal, the mother argues that there was no “settlement agreement” or “negotiated settlement agreement” incorporated into the arrearage judgment, and, she says, no proof was offered to show that such an agreement existed. The plain language of the arrearage judgment states that the DeKalb Circuit Court found that “the parties,” i.e., the mother and the father, had agreed that the father was in arrears in the amount of $90,000 and that “the defendant,” i.e., the father, had agreed to make payments of $400 a month. There is no mention that the mother had agreed to the latter term. In awarding the mother “$90,000 as unpaid child support called for by the [divorce judgment and subsequent modification] for the collection of which execution may issue,” it appears that the DeKalb Circuit Court did not intend to limit execution on the judgment to only the $400 monthly installments. No language in the arrearage judgment indicates that the mother waived her right to execute on the full amount of the judgment.
It is true that the arrearage judgment allowed the father to pay off the arrearage in monthly installments of $400. However, this court has held:
“Accrued installment payments for child support or alimony are final judgments, and an order of a trial court permitting payment of such judgments in installments is not a bar to any other process for collection of judgments, such as execution or garnishment. State ex rel. B.D.N. v. D.S., 591 So.2d 878, 879 (Ala. Civ.App.1991). This court in Osborne v. Osborne, 57 Ala.App. 204, 207, 326 So.2d 766, 767 (Civ.1976), stated:
“‘We comprehend that a contempt of court may be purged by an order of payment of a sum upon past-due installments, but such order should not be a bar to collection of the judgment by execution or garnishment if assets of defendant are available to such process.’
“In the present case, the trial court erred in restricting execution of the judgment to the monthly payments. As we stated in Osborne, supra, ‘accrued installments of support are final judgments and may be collected as any other judgment. An order of the trial court permitting the payment of such judgments in installments is not a bar to any other process for collection of judgments.’ 57 Ala.App. at 207, 326 So.2d at 767. Although it does not appear that the father currently has the assets to satisfy the arrearage, the mother should not be limited in obtaining what is owed to her if the father obtains such assets.”
Horwitz v. Horwitz, 897 So.2d 337, 344-45 (Ala.Civ.App.2004).
Thus, we find no language in the arrear-age judgment from which one could reasonably conclude that the agreement between the parties as to the amount of the father’s arrearage was contingent upon the method by which the father would pay the judgment. In other words, there is nothing in the DeKalb Circuit Court’s arrear-age judgment to support the trial court’s *1290 conclusion, that the parties negotiated a settlement pursuant to which the father would agree that he was $90,000 in arrears on his child-support obligation provided that the mother would agree to accept a monthly payment of $400 until the judgment -was. paid and waive her right to execute on the judgment, regardless of whether the father obtained additional assets from which to pay the arrearage judgment.[1] It is worth reiterating that neither party, appealed from the DeKalb Circuit Court’s arrearage judgment. In light of the. provision set forth in the arrearage judgment allowing the mother to execute on, the full amount of the judgment, we also .conclude that the father’s interrogatory response that he consented to the ar-rearage of $90,000 “under the stipulation that [he] would pay it back at $400 per month” is insufficient to support the trial court’s conclusion in this action that the parties had “entered into a negotiated settlement for the payment of past due child support” and, therefore, that the mother was not entitled to execute on the arrear-age judgment. Because the evidence does not support the trial court’s conclusion, the judgment denying the mother’s request to set aside the transfer of the three parcels must be reversed and the cause remanded to the trial court.
On appeal, the .mother also argues that the father’s conveyance of the three parcels to- Wanette constituted a fraudulent transfer. The trial court did not make any factual findings or conclusions of law regarding that issue in its judgment. It is not the .province of an appellate court to make factual findings.
“In reviewing a decision of the trial court, an appellate court is not permitted to reweigh the evidence, because weighing the evidence is solely a function of the trier of fact. However, it is the function of the appellate court to ascertain that the trial court’s findings of fact are supported by substantial evidence with due regard to, and respect for, the appropriate level of evidentiary proof required.... ”
Ex parte Mclnish, 47 So.3d 767, 778 (Ala.2008)(emphasis added). The trial court, as the trier of fact, must make the determination whether the father’s conveyance of the three parcels constituted a fraudulent transfer and whether that conveyance is due to be set aside. On remand, the trial court is directed to make the factual determinations required as to the issue of whether the father’s transfer of the three parcels to Wanette was fraudulent and to enter a judgment accordingly.
The father’s request on appeal for an award of “all damages and costs” is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, without writing.

. We note that interest on the judgment would accrue at a rate of 7.5% per ánnum, or approximately $6,750 per year. § 8-8-10, Ala. Code 1975. Thus, based on the father’s annual payment of $4,800 ($400 x 12 = $4,800), the interest is accruing faster than the principal is being paid.