MOORE, Judge.
Lauren Adelle Collins (“the mother”) appeals from a judgment entered by the Lee Circuit Court (“the trial court”) to the extent that it modified the child-support obligation of Brian Patrick O’Neil (“the father”); ordered the father’s child-support obligation abated during his six-week summer visitation with the parties’ three minor children (“the children”); declined to allow the mother any visitation with the children during the father’s six-week summer-visitation period; declined to award interest on the father’s child-support ar-rearage; and declined to hold the father in contempt for failure to pay child support. We affirm the trial court’s judgment in part and reverse it in part.
*1005 Background and Procedural History
On September 25, 2012, the parties were divorced by a judgment of the trial court, which incorporated an agreement of the parties. The mother was awarded sole physical custody of the children and the father was awarded visitation every other week from Friday until the following Wednesday, as well as certain holiday and summer visitation. The father was ordered to pay $1,191.67 in monthly child support and to maintain the children on his health-insurance plan. The parties were to split the children’s child-care expenses.
At the time of the divorce, both parties were living in New Market; however, in May 2013, the mother moved to Tennessee and the father moved to Georgia. The father subsequently moved from Georgia to Auburn. Because of the logistics of travel between the parties’ residences, the parties negotiated an amended settlement agreement, which provided that the father would have visitation with the children every other weekend and every other week during the summer, that the mother would meet the father halfway between their residences for visitation purposes, that the mother would be responsible for the children’s health-insurance premiums and child-care expenses during the school year, and that the father’s child-support obligation would increase to $1,950 per month. The evidence indicated that the father had signed the amended settlement agreement and had had it delivered to the mother for her to sign and to file with the trial court; the mother, however, never signed the amended settlement agreement, and it was never filed. The mother testified that that failure had been an oversight on her part. The father did not find out that the amended settlement agreement had not been filed until May 2014. It was undisputed that the parties began operating under the amended settlement agreement in the summer of 2013 and that they continued to abide by the terms of the amended settlement agreement for the remainder of 2013 and the entirety of 2014.
On September 19, 2014, the father filed a petition for modification of, among other things, his child-support obligation and his visitation with the children. On October 24, 2014, the mother filed an answer and a counterclaim seeking to' hold the father in contempt for failure to pay child support. On December 18, 2014, the father filed a reply to the counterclaim.
. The mother contended that, in January 2015, the father had been delinquent on his child-support obligation and that, therefore, she had refused to meet him halfway for. his visitation. The father stopped paying child support altogether in May 2015. He testified that, per the advice of his attorney, he believed that, because the amended settlement agreement had not been approved by the- trial court, that agreement was void and, therefore, he was entitled to a credit for overpayment of child support.
After a trial, the trial court entered a judgment on February 9, 2016, adopting the amended settlement agreement of the parties and concluding that the father had accrued a child-support arrearage from May 2015 through January 2016 in the amount of $ 16,575.00.[1] The trial court modified the father’s child-support obligation from the date of the judgment forward to $928.56 per month. The trial court also modified the father’s visitation to include six consecutive weeks of summer visitation.
*1006 On February 15,2016, the mother-filed a postjudgment motion. The father filed a postjudgment motion on February 23, 2016. On April 14, 2016, the mother filed an amended postjudgment motion. After a hearing, the trial court entered an amended judgment providing, among other things, that, during the father’s six-week summer-visitation period, he would not be required to pay child support but would be responsible for the children’s child-care expenses during that period. On June. 8, 2016, the mother filed her notice of appeal.
Discussion
[[Image here]]
On appeal, the mother first argues that the trial court erred in not including all the father’s income in calculating his child-support obligation. She notes that, although the father claimed that his monthly income was anywhere between $2,400 and $2,895.90, his annual deposits into his bank account were $70,678.21 for 2013, $60,181.66 for 2014, and $21,423.56 for the first 3 months of 2015. Neither party presented evidence of the nature of each and every deposit.
The mother relies on Chunn v. Chunn, 183 So.3d 985, 992 (Ala. Civ. App. 2015), and argues' that, because the father failed to explain, the deposits made into his bank account, the trial court was bound to accept those deposits as his true income for child-support purposes. 183 So.3d at 991-98. In Chunn, the father in that case appealed from, a judgment determining his child-support obligation, and, on appeal,- he contended that the trial court had improperly considered unexplained deposits made into his account as income. Id. This court concluded, however, that, considering the ore tenus standard of review, the trial court could have concluded that those unexplained deposits were, in fact, income. Id.
In the present case, the trial court heard the father testify, that his income from employment was $2,400 per month, that he also received other income, such as rental income, and that he had expenses associated with the rental income. The father also testified that, his present wife contributes to their household income. The trial court, in the present case, could have concluded that some of the father’s deposits were related to,the income of the father’s wife and his rental income, which .he also had expenses associated with. . See Rule 32(B)(3)(a), Ala. R. Jud. Admin. (“For inr come from self-employment, rent, royalties, proprietorship of business, or joint ownership of partnership or closely held corporation, ‘gross income’ means gross receipts minus ordinary and necessary expenses required to produce this income, as allowed by the Internal Revenue Service .... ”). Furthermore, given the ore tenus standard of review, the trial court could have concluded that the father’s testimony regarding his income was reliable. Chunn, 193 So.3d at 992 (“[W]hen the trial court receives ore tenus evidence, it is in the best position to evaluate the demeanor and credibility of a witness .,..”).
. Considering our standard of review in this matter, we cannot conclude that the trial court exceeded its discretion in. crediting the father’s testimony regarding his income, as true. Therefore, we decline to reverse the trial court’s judgment based on this jssue.
II.
The mother next argues that the trial court erred in abating the father’s child-support obligation during his summer visitation without stating a reason for its deviation from the child-support guidelines of Rule 32, Ala. R. Jud. Admin. We note, however, that the trial court stated that it was requiring the father to be “solely re *1007 sponsible” for all child-care expenses during that six-week period. The mother does not argue that that provision is not a sufficient reason for deviating from the guidelines. “An argument not made on appeal is abandoned or waived.” Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n.8 (Ala. 2003). Based on the foregoing, we decline to reverse the trial court’s judgment on this point.
Ill,
The mother also argues that the trial court erred in not awarding her any contact with the children during the father’s six-week summer-visitation period. We initially note, however, that the mother cites no authority in support of her argument.
“‘Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that- support the party’s position, If they do not, the arguments are waived.’ White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008); see also Bishop v. Robinson, 516 So.2d 723, 724 (Ala. Civ. App. 1987) (quoting Thoman [Eng’rs], Inc. v. McDonald, 57 Ala.App. 287, 290, 328 So.2d 293, 294 (Civ. App. 1976)) (noting that an appellant should present his issues “with clarity and without ambiguity’” and ‘fully express his position on the enumerated issues’ in the argument section of his brief); accord United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (‘It is not enough merely to mention.a possible argument in the most skeletal way, leaving the court to do counsel’s work, create the ossature for.the argument, and put flesh on its bones.’).”. ,
Hudson v. Hudson, 178 So.3d 861, 865 (Ala. Civ. App. 2014). Additionally,
“[a] trial court has broad discretion in deciding on visitation rights of the noncustodial parent. Wallace v. Wallace, 485 So.2d 740 (Ala. Civ. App. 1986), This discretion applies to modification proceedings as well as to the original custody proceeding. Id. When the issue of visitation is determined after oral proceedings, the trial court’s determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews, 520 So.2d 512 (Ala. Civ. App. 1987).’ Dominick v. Dominick, 622 So.2d 402, 403 (Ala. Civ. App. 1993).”
Flanagan v. Flanagan, 656 So.2d 1228, 1230 (Ala. Civ. App. 1995), Without any specific evidence indicating that the children’s best interests will not be served by the visitation award, we cannot conclude that the trial court exceeded its discretion on this point.
IV.
The mother also argues that the trial court erred in failing’to award her interest on the child-support arrearage. “ ‘[A] trial court with jurisdiction over proceedings to enforce an earlier child-support judgment is without authority to waive the imposition of statutorily imposed postjudgment interest upon such payments.’ ” T.L.D. v. C.G., 849 So.2d 200, 204 (Ala. Civ. App. 2002) (quoting Walker v. Walker, 828 So.2d 943, 945 (Ala. Civ. App. 2002)).[2] Accordingly, we conclude that the *1008 trial court erred in failing to award interest on the father’s child-support arrearage. We therefore reverse the trial court’s judgment on this point, and we remand this cause for the trial court to compute the amount of interest owed on the father’s child-support arrearage and to enter a judgment in accordance therewith.
V.
Finally, the mother argues that the trial court erred in declining to hold the father in contempt for his failure to pay child support. Rule 70A(a)(2), Ala. R. Civ. P., provides, in pertinent part:
“(C) ‘Criminal contempt’ means ...
[[Image here]]
“(ii) Willful disobedience or resistance of any person to a court’s lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor.
“(D) ‘Civil contempt’ means willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with.”
Considering that, before the entry of the judgment under review, the parties’ amended settlement agreement was never ratified by the trial court and that the father testified that his attorney had advised him that he had a credit toward his child-support obligation, the trial court could have properly concluded that the father’s nonpayment was not willful. Therefore, we cannot find error on this point.
Conclusion
Based on the foregoing, we reverse the trial court’s judgment to the extent that it failed to award interest on the father’s child-support arrearage. We affirm the judgment in all other respects.
The mother’s request for the award of attorney’s fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. The father did not cross-appeal regarding the trial court’s retroactive adoption of the parties' amended settlement agreement; therefore, we do not address the propriety of that action.

. " ‘Under Alabama law, child-support payment ''installments become final judgments as of the date due.” Osborne v. Osborne, 57 Ala.App. 204, 206, 326 So.2d 766, 767 (Ala. Civ. App. 1976). Because "judgments for the payment of money bear interest from the date of rendition” "it follows that such [child-support] judgments would bear interest from due date.” Osborne, 57 Ala.App. at 206, 326 So.2d at 767. Therefore, to properly calculate interest on an arrearage, one would have to com *1008 pute the interest due on each installment from its due date. Id.’ ”
T.L.D., 849 So.2d at 204 (quoting Hollen v. Conley, 840 So.2d 921, 924 (Ala. Civ. App. 2002)).