Rel: March 31, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0818

_____

### Billy J. Stewart

### v.

### Kimberly Sutton

### Appeal from Elmore Circuit Court
### (DR-01-552.07)

THOMPSON, Presiding Judge.

Billy J. Stewart ("the father") appeals from a judgment entered by the Elmore Circuit Court ("the trial court") that denied his request to modify the judgment divorcing him from Kimberly Sutton ("the mother"), that held him in contempt for failing to pay postsecondary-education

expenses as ordered in the divorce judgment, and that awarded the mother $16,324.62 for unreimbursed postsecondary-education expenses and an attorney fee. We affirm the trial court's judgment insofar as it held the husband in contempt, and awarded the mother an attorney fee in the amount of $4,500; we reverse the judgment insofar as it awarded the mother $16,324.62 for unreimbursed postsecondary-education expenses, and we remand the case with instructions.

The father and mother married on July 14, 1997. One child was born of the marriage on March 31, 1999. On January 28, 2002, the trial court entered a judgment divorcing the father and the mother. The divorce judgment incorporated a "separation/settlement" agreement executed by the parties. That agreement provided in pertinent part:

> "9. [The father and the mother] agree to share equally [the costs of] the [postsecondary] education of [the child], whether said education by state college, vocational or technical school. Said costs include tuition, room and board, and living expenses for a state college or university for [the child] until the child attains an undergraduate degree or reaches his twenty-first birthday [March 31, 2020], whichever occurs last.
>
> "....
>
> "22. Should either party violate this agreement, upon judicial finding of such violation, the violating party shall be

responsible for the payment of all costs, expenses of litigation and attorney's fees made necessary by such violation."

On January 27, 2020, the father filed a petition, seeking among other things, modification of the divorce judgment regarding his obligation to pay the child's postsecondary-education expenses.[1] In his petition, the father asserted that a material change in circumstance had occurred that warranted a modification in his financial obligations because he had retired effective January 2020 and his income had reduced significantly. He further asserted with regard to his obligation to pay one-half of the child's postsecondary-education expenses that although he had attempted to ascertain the costs of tuition, books, and other expenses to comply with that obligation, he had not been able to obtain any copies of statements or evidence indicating the costs the child had incurred and the father's portion of those costs. The father asked the trial court to order the parties to provide written notice of any paid expenses for the child's postsecondary education to the other party no later than the tenth day of the subsequent month that the expense had

---

[1]The record indicates that the divorce judgment had been modified previously on December 31, 2013. The modification made in that order, however, is not relevant to resolution of this appeal.

3

been paid. The father also asked the trial court to add as a condition of a party's obligation to pay the child's postsecondary-education expenses that the child maintain a "C" average.

On June 17, 2020, the mother filed an answer and a counterclaim. The mother asserted that she had submitted to the father several of the child's postsecondary-education expenses for reimbursement and that the father had refused or failed to reimburse her for those expenses as ordered in the parties' divorce judgment. She asked the trial court to find the father in contempt for failing to abide by the divorce judgment. On June 22, 2020, the father filed an answer denying the allegations in the mother's counterclaim.

On March 31, 2021, at the beginning of the final hearing, the following occurred:

> "The parties are here with their respective counsel. And the court has pretried the matter to an extent in the back. ... [W]e're here basically on what the court's interpretation are on expenses and the agreement that was entered by the parties back in 2001. What we're going to do is the parties are going to submit the exhibits. A number of questions were asked about the circumstances, they're going to submit the exhibits and let the court interpret based on the exhibits and the relief requested what the relief is. Does that pretty much sum it up counsel?
>
> "[The father's counsel]: Yes, sir.

"[The mother's counsel]: Yes, Judge."

The trial court then admitted into evidence various documents and provided a designated period for the parties to submit additional documents and an allotted time for the parties to respond to the additional documents. The documents admitted into evidence at the hearing included e-mails from the mother to the father from 2017, when the child had started his postsecondary education, requesting that the father reimburse her for his portion of postsecondary-education expenses that she had considered "room and board, and living expenses." The record reflects that the parties did submit additional documents addressing the payment or nonpayment of the child's postsecondary-education expenses. An invoice from mother's attorney was submitted indicating that the mother had incurred an attorney fee in the amount of $6,080 for the underlying litigation.

On April 9, 2021, the father filed a motion asking the trial court to enter a final judgment. In his motion the father alleged that before he retired, he had "routinely overpaid" the mother, but since he had retired, his income had reduced, and he no longer had the income to pay for the child's "books, medical expenses, and other random expenses." He

argued that when he had agreed to pay the child's postsecondary-education expenses, he thought he would be involved in making decisions about the child's postsecondary education, but the mother and the child had "made every decision without consulting" him, including increasing the child's expenses by allowing the child to live in an apartment instead of living in the school's housing. The father asked the trial court to order him to pay the mother $11,000.89 if it found that he should be responsible for the school housing or $13,853.22 if it found that he should be responsible for the apartment rate.

On February 18, 2022, the trial court entered an order finding that "[t]he parties have shown potential to earn certain levels of income and the obligations of the parties were known at the time of retirement,"[2] that "no evidence [indicates] that either party was unable to comprehend the terms [of the settlement agreement] to which they agreed," that the terms of the agreement are clear, and that the mother had "incurred the larger portion of the college expenses to-date." Considering those findings, the trial court denied the father's petition to modify the father's

---

[2]The record reflects that the mother had also retired while the child was pursuing his postsecondary education.

obligation to pay one-half of the child's postsecondary-education expenses. The trial court further held the father in contempt for failing to pay agreed upon postsecondary-education expenses as ordered in the divorce judgment, awarded the mother $16,324.62 in unreimbursed postsecondary-education expenses, and awarded the mother an attorney fee "made necessary by this action" in the amount of $4,500.

Both parties filed postjudgment motions. In his postjudgment motion, the father argued, in pertinent part, that the finding of contempt, the award of $16,324.62 for past-due postsecondary-education expenses, and the award of an attorney fee were not supported by and were against the weight of the evidence. The parties' postjudgment motions were denied operation of law, see Rule 59.1, Ala. R. Civ. P., and the father filed a timely notice of appeal.

"'[W]here there are no disputed facts and where the judgment is based entirely upon documentary evidence, our review is de novo.'" Sims v. Sims, 218 So. 3d 1285, 1289 (Ala. Civ. App. 2016)(quoting E.B. Invs., L.L.C. v. Pavilion Dev., L.L.C., 212 So. 3d 149, 162 (Ala. 2016), citing in turn Weeks v. Wolf Creek Indus., Inc., 941 So. 2d 263, 268-69 (Ala. 2006)). "A de novo review is 'a review without any assumption of correctness.'

King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So. 2d 714, 716 (Ala. 1987)." Ex parte Dekle, 991 So. 2d 1257, 1260 (Ala. 2008).

On appeal the father contends that the trial court's judgment insofar as it awarded the mother the relief requested in her counterclaim is void. Specifically, the father argues that the mother never invoked the trial court's jurisdiction over her counterclaim because she did not pay a filing fee. He cites Hicks v. Hicks, 130 So. 3d 184, 189 (Ala. Civ. App. 2012), for the proposition that if a party does not pay a filing fee when he initiates a contempt action, the trial court lacks subject-matter jurisdiction over the action. However, in Hudson v. Hudson, 178 So. 3d 861, 869 (Ala. Civ. App. 2014), this court specifically held

> "[T]he failure to pay a filing fee does not divest the trial court of jurisdiction over a counterclaim. A trial court may, in its discretion, stay any proceedings on a counterclaim in order to ensure payment of the filing fee, and a counterclaim defendant may move the trial court to do so. However, a trial court does not act without jurisdiction if it fails to take such steps before adjudicating a counterclaim, even upon a motion of a counterclaim defendant."

Accordingly, the trial court had jurisdiction to adjudicate the mother's counterclaim, and its judgment is not void for lack of subject-matter jurisdiction.

8

In his reply brief, the father contends that, if the judgment is not void, the trial court exceeded its discretion by finding him in contempt for failing to reimburse the mother for his portion of the child's postsecondary-education expenses. "'Ordinarily, we do not consider issues raised for the first time in a reply brief.' McGough v. G & A, Inc., 999 So. 2d 898, 905 n.3 (Ala. Civ. App. 2007)." Chancellor v. White, 34 So. 3d 1270, 1273 (Ala. Civ. App. 2008). See also Sorrell v. King, 946 So. 2d 854, 867 (Ala. 2006); and Byrd v. Lamar, 846 So. 2d 334, 341 (Ala. 2002)(noting the "settled rule that this Court does not address issues raised for the first time in a reply brief"). Thus, we decline to consider this argument raised by the father for the first time in his reply brief.

The father also contends that the trial court exceeded its discretion by awarding the wife an attorney fee. In this case, the parties agreed that if a party violated the divorce judgment, that party would be "responsible for the payment of all costs, expenses of litigation and attorney's fees made necessary by such violation." Because the trial court found the father in contempt for failing to reimburse the mother for the child's postsecondary-education expenses as ordered in the divorce

judgment,[3] we cannot conclude that the trial court exceeded its direction by awarding the mother an attorney fee in the amount of $4,500. Willis v. Willis, 329 So. 3d 650, 663 (Ala. Civ. App. 2020)(holding that "the trial court did not exceed its discretion in ordering the mother to pay attorney fees to the father's counsel as a result of the mother's civil contempt").

Last, the father contends that the trial court's finding that he owed the mother $16,324.62 for unreimbursed postsecondary-education expenses is not supported by the record. In support of his contention, the father cites to Camacho v. Camacho, 280 So. 3d 1077, 1080 (Ala. Civ. App. 2019).

In Camacho, this court reversed the trial court's award of past-due child support and alimony because we could not determine from the record how the trial court had calculated the past-due amounts. We stated:

> "On appeal, the mother argues that the trial court erred in its calculations regarding the payment of the father's child-support obligation and its resulting determination that the father had 'paid all child support as previously ordered.' She

---

[3]We note that in his April 9, 2021, motion requesting the trial court to enter a final judgment, the father, by asking the trial court to determine the amount that he needed to reimburse the mother for the child's housing, indicated that he was aware that he had not complied with that financial obligation as ordered in the divorce judgment.

also contends that the trial court erred in determining that the father was entitled to a credit of $15,082.18 toward his total alimony arrearage and that the father's alimony arrearage was improperly calculated.

"Using the figures contained in the record on appeal, this court has made an effort to recreate the trial court's calculations so that this court might arrive at results at least similar to those the trial court reached in determining that the father was not in arrears on his child-support obligation. Similarly, despite attempting a number of different calculations using different figures, this court has been unable to determine how the trial court concluded that the father was entitled to a credit of $15,082.18 against his alimony arrearage.

"In Hildesheim v. Velaski, 769 So. 2d 920, 923 (Ala. Civ. App. 1999), this court reversed that portion of a judgment that determined a party's child-support arrearage after this court was unable to determine from the evidence how the trial court had reached its total when it calculated the arrearage. See also Kuhn v. Kuhn, 706 So. 2d 1275 (Ala. Civ. App. 1997). In this case, any calculations by this court would be based on speculation as to what the trial court used as its starting point, how it derived certain credits, and how it reached its ultimate conclusions that the father had paid 'all child support as previously ordered' and that he had an alimony arrearage in the amount of $29,117.82. Because we are unable to ascertain from the record how the trial court reached its conclusions regarding the amount the father owed the mother for past-due child support and alimony, we reverse the judgment and remand this cause to the trial court for it to review its calculations. In entering a new order, we ask that the trial court articulate the figures it uses to make its calculation in determining the father's arrearages, if any. Hildesheim, supra. See also Kiker v. Probate Court of Mobile Cty., 67 So. 3d 865, 868 (Ala. 2010) (remanding cause for an explanation as to how an attorney fee was calculated)."

11

Camacho, 280 So. 3d at 1079-80.

As we did in Camacho, this court has attempted to determine how the trial court in this case reached its calculation that the father owed the mother $16,324.65 for unreimbursed postsecondary-education expenses. The documents submitted into evidence indicate that the mother sought reimbursement for a variety of postsecondary-education expenses. We cannot determine which expenses the trial court determined fell within the scope of the reimbursable postsecondary-education expenses. Additionally, some of the documents indicate that the father reimbursed the mother for certain expenses; other documents indicate that he did not. Thus, any calculations by this court would be based on speculation as to what expenses the trial court determined fell within the scope of reimbursable postsecondary-education expenses and what amounts the trial court determined the father had or had not paid. Because we are unable to discern from the record how the trial court reached its conclusion that the father owed the mother $16,324.65 for the unreimbursed postsecondary-education expenses, we reverse that portion of the judgment awarding the mother $16,324.65 for those expenses. Camacho, supra. We remand the cause for the trial court to

review its calculations. In the new order, we ask that the trial court articulate the figures it uses to make its calculation in determining the father's arrearage. <u>Camacho</u>, supra.

For the foregoing reasons, we affirm the trial court's judgment insofar as it holds the father in contempt for failing to pay postsecondary-education expenses as ordered in the divorce judgment, and awards the mother an attorney fee in the amount of $4,500. We reverse the trial court's judgment insofar as it awards the mother $16,324.62 for the child's unreimbursed postsecondary-education expenses and remand the cause for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Moore, Edwards, Hanson, and Fridy, JJ., concur.